J-S13012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAHME PERKINS | |
| Appellant | No. 785 MDA 2019 |

Appeal from the PCRA Order entered April 11, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001266-2008,
CP-22-CR-0001394-2008

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 16, 2020**

Appellant, Lahme Perkins, appeals *pro se* from the April 11, 2019 order entered in the Court of Common Pleas of Dauphin County following dismissal of his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

Appellant filed a timely notice of appeal to this Court on May 5, 2019. However, he filed a single notice of appeal listing two docket numbers.  In light of our Supreme Court's ruling in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we issued a rule to show cause why the appeal should not be quashed as a single notice of appeal resolving issues on more than one docket.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The rule required a response within ten days. Appellant did not file a response within that timeframe. By order entered on June 17, 2019, the rule was discharged and the matter was referred to this merits panel.[1]

This Court subsequently issued its decision in **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*), addressing **Walker** issues. In **Larkin**, the trial court's order informed Larkin that he had 30 days from the date of the order "to file **an** appeal." **Id.** at 354 (emphasis in original). We determined quashal was not necessary in light of a breakdown in the court system based on the language in the trial court's order referring to "an appeal."

Similarly, the PCRA court's order in the instant case advised Appellant of his right "to file **an** appeal" within 30 days of the trial court's order. Just as in **Larkin**, this constitutes a breakdown in the court system. Therefore, quashal is not required.

We next consider whether Appellant has preserved any issues for our consideration. By order entered on May 15, 2019, the PCRA court directed Appellant to file a concise statement of errors in accordance with Pa.R.A.P. 1925(b). A review of the docket suggested that Appellant failed to comply. Moreover, the order directed that a copy of the statement be served on the PCRA judge. Here, the judge indicated in his Rule 1925(a) opinion that

---

[1] Although Appellant did file a response, it was not received prior to the issuance of the order discharging the rule.

Appellant did not file the required statement. Rule 1925(a) Opinion, 6/21/19, at 1. Further, although Pa.R.A.P. 2111(a)(11) and (d) require that a copy of the Rule 1925(b) statement be appended to an appellant's brief, Appellant did not include or even reference the statement in his table of contents.

On initial review, we determined Appellant waived all issues for review for failure to file a Rule 1925(a) statement. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998). However, Appellant filed a timely Application for Reconsideration in which he represented that he served four copies of his Rule 1925(b) statement on the Dauphin County Clerk of Courts on May 27, 2019. With his application, Appellant provided a copy of a Rule 1925(b) statement dated May 26, 2019 (Appendix A), along with a cash slip dated May 27, 2019 (Appendix B), reflecting his request for postage due for an unidentified mailing to the Dauphin County Clerk of Courts. By order entered September 22, 2020, we granted reconsideration.

In light of the representations made in Appellant's request for reconsideration and the exhibits attached thereto, we remanded to the PCRA court with instruction to ascertain whether Appellant filed a Rule 1925(b) statement and served a copy on the judge within 21 days of the court's May 15, 2019 order. In the event the court determined Appellant complied with its May 15, 2019 concise statement order, the court was to issue a Rule 1925(a) opinion addressing the merits of Appellant's issues. In the event the

court determined Appellant did not comply with the May 15, 2019 concise statement order, the court was to advise this Court of that fact and indicate the nature and scope of the investigation undertaken in concluding Appellant did not comply with the May 15, 2019 order.

On November 9, 2020, the PCRA court issued a statement with the following findings:

1. Review of our chambers files, including the law clerk's file, [did] not find any Rule 1925(b) Statement from Appellant/Defendant. We conclude that none was provided to the undersigned.

2. The official docket of the Dauphin County Clerk of Courts includes no entry of a Rule 1925(b) Statement.

3. The Clerk of Appeals of the Dauphin County Clerk of Courts undertook a search which reflected:

   a. Upon 2 document by document reviews of the papers, the original files do not include a Rule 1925(b) Statement.

   b. The purported Rule 192(b) Statement which Appellant/Defendant attached to the Motion for reconsideration filed in the Superior Court did not bear a time stamp of the Dauphin County Clerk of Courts. It is the procedure of the Dauphin County Clerk of Courts to time stamp documents received and return a time-stamped copy to the Defendant.

   c. Inasmuch as no docket entry or paper copy of a Rule 1925(b) Statement exists, and Appellant does not possess a time-stamped copy, the Clerk of Courts concludes that none was filed.

By the court:

/s/ John F. Cherry
President Judge

PCRA Court Statement, 11/9/20, at 1.

Based on our review of the record, including the PCRA court's statement concluding that no Rule 1925(b) statement was filed, we find that Appellant has waived all issues on appeal. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998). Therefore, we affirm the PCRA court's April 11, 2019 order based on waiver under Pa.R.A.P. 1925.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020